# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2007

Charles R. Fulbruge III
Clerk

No. 07-10427
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JORGE ALEJANDRO CORTEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-183-1

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jorge Alejandro Cortez appeals his guilty-plea conviction for possession with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine. He argues that the district court abused its discretion in not allowing him to withdraw his plea and that, notwithstanding the district court's ruling on his motion to withdraw his plea, his conviction should be reversed because his plea was not knowing and voluntary.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion." United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003). When determining whether to allow a defendant to withdraw his guilty plea, the district court should consider whether: (1) the defendant has asserted his innocence, (2) withdrawal would prejudice the Government, (3) the defendant has delayed in filing his withdrawal motion, (4) withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available, (6) the original plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. United States v. Carr, 740 F.2d 339, 343-34 (5th Cir. 1984).

To enter a knowing and intelligent plea, the defendant must have "a full understanding of what the plea connotes and of its consequence." Boykin v. Alabama, 395 U.S. 238, 244 (1969). "[A]s long as the defendant understands the length of time he might possibly receive, he is fully aware of his plea's consequences." James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995). A defendant's solemn declarations in open court carry a strong presumption of truth. Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Cortez states that the first, second, and seventh Carr factors "are neutral, at best." He also concedes that the third and fourth Carr factors (delay and inconvenience to the court) weigh against him. Cortez argues, however, that the fifth and sixth Carr factors weigh in his favor and that the district court therefore abused its discretion in not allowing him to withdraw his guilty plea. However, contrary to Cortez's assertions, the record establishes that the fifth and sixth Carr factors weigh against him being allowed to withdraw his guilty plea. Accordingly, the district court did not abuse its discretion in denying Cortez's motion to withdraw his plea. See Powell, 354 F.3d at 370. In addition, Cortez has not shown that his guilty plea was unknowing and involuntary such that his conviction should be reversed. See James, 56 F.3d at 666.

Cortez avers next that there was not a sufficient factual basis to support his guilty plea as required by FED. R. CIV. P. 11(f). Cortez's challenge to the factual resume is raised for the first time on appeal, and thus, is reviewed for plain error. See United States v. Marek, 238 F.3d 310, 315 (5th Cir. 2001). Here, the stipulation of facts and Cortez's admissions at rearraignment established that Cortez knowingly orchestrated the delivery of 681 grams of a mixture containing a detectable amount of methamphetamine. Thus, the evidence was sufficient to show Cortez's constructive joint possession of that amount. See United States v. Inocencio, 40 F.3d 716, 724 (5th Cir. 1994). Based upon the foregoing, the district court's finding that there was a sufficient factual basis for Cortez's guilty plea was not plain error. The judgment of the district court is AFFIRMED.